*862 OPINION.
Marquette:
The petitioner contends that no part of the amount paid it in the year 1915 by the Kresge Company as a consideration for the cancellation of the sublease then existing between the two *863 companies was income for any subsequent year; that "the entire amount was income in 1915 and should be reflected in invested capital for subsequent years, and that the petitioner and the Walter Goerke Co. were affiliated during the fiscal year ending February 28,1921, and were entitled to file a consolidated return of income and invested capital. The respondent contends that the amount received by the petitioner from the Kresge Company should be considered as advance rental and that it should be prorated as income over the life of the new lease and included in invested capital only as it is earned or accrued. The respondent also denies that the petitioner and the Walter Goerke Co. were affiliated during the year under consideration.
We find ourselves unable to agree with the contention of the respondent as to either of the issues raised. The $140,000 paid by the Kresge Company to the petitioner was, as stated in the written instru-* ment executed on September 30, 1915, a consideration for the cancellation of an existing lease, and the petitioner having canceled the lease had done all that it was required to do to receive and retain that consideration. When the existing lease was canceled and the consideration paid the transaction in regard to that existing lease and that consideration was completed, and no breach of the new lease on the part of the petitioner would have given rise to a cause of action for the recovery by the Kresge Company of the $140,000 or any part thereof. In the Appeal of Denholm & McKay Co., 2 B. T. A. 444, the facts were that the taxpayer prior to the year 1919 leased certain real estate for twenty-one years. The terms of the lease became burdensome to the taxpayer and it therefore in the year 1919 entered into a new lease for the property it was occupying and paid $60,-128.08 for the cancellation of the old lease, which amount it deducted from gross income for 1919 as an ordinary and necessary business expense. The Commissioner disallowed the deduction and an appeal was taken to this Board, which sustained the taxpayer’s contention. The situation presented in that appeal is different from the instant appeal in that we there considered the deductibility from the lessee’s gross income of the amount paid for the cancellation of the lease, while here we are considering the inclusion in the lessor’s income of the amount so paid. However, the reasoning in the Denholm & McKay Co. appeal applies with equal force here. For the reasons stated we are of the opinion that the entire amount paid by the Kresge Company to the petitioner in the year 1915 as a consideration for the cancellation of the then existing lease was income to the petitioner for the year 1915. The petitioner’s income and invested capital for the fiscal year ending February 28, 1921, as determined by the respondent should be adjusted accordingly.
*864 We are' also of the opinion that the petitioner and the Walter Goerke Co. were affiliated during the fiscal year ending February 28, 1921, and that their tax liability for that year should be computed upon the basis of a consolidated return of income and invested capital.
The evidence establishes to our entire satisfaction that the Walter Goerke Co. was in reality only a branch of the petitioner, and that Rudolph J. Goerke either owned or controlled the entire capital stock of both corporations. As to this point there is no conflict in the testimony and an extended discussion thereof is not necessary.
The petitioner also alleges that the respondent erred in reducing its invested capital as of March 1, 1920, by deducting therefrom the prorated amount of the income and profits taxes for that fiscal year. This contention must be decided adversely to the petitioner. Section 1207, Revenue Act of 1926.
Reviewed by the Board.

Judgment will 5e entered on 15 dags’ notice, wider Rule 50.